***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, the Full Commission, upon reconsideration of the evidence, enters the following Order.
 ***********
On February 21, 2005, Plaintiff was working for Defendant-Employer on a construction site in Boone, North Carolina as a laborer. On that day, Plaintiff sustained a compensable work injury by accident during the course and scope of his employment when he fell from a height of approximately 30 feet from a board used to walk between the two adjacent buildings under construction. Plaintiff sustained compression fractures with canal compromise at the T8 and T9 levels of the spine, which left him paralyzed from the waist down and confined to a wheelchair, along with multiple rib, sternal, right scapular, and cervical spine fractures. *Page 2 
Following Plaintiff's hospitalization for his February 21, 2005 work injury, he received inpatient care at a rehabilitation facility and was taught to be independent in utilizing a wheelchair for mobility. Plaintiff also underwent driver training and evaluations, and received clearance to drive independently in his modified handicap mini-van.
Since June 22, 2005, Plaintiff has been receiving psychiatric care from Dr. Phyllis Ann Sage Atwell, a psychiatrist, and Mr. Jim Thornton, a licensed professional counselor. In September 2009, Plaintiff discussed with Dr. Atwell and Mr. Thornton the possibility of enrolling in computer science classes at a community college. According to Plaintiff, he decided to enroll in a computer class to assist him in returning to the workforce. Plaintiff believes that with some education and/or training he could locate suitable employment in the future. Defendants have refused to provide Plaintiff with any vocational rehabilitation services or training. Defendants contend that Plaintiff is permanently and totally disabled; therefore, his disability cannot be lessened by vocational rehabilitation services. Defendants further contend that Plaintiff has presented no evidence that vocational rehabilitation services would effect a cure, provide relief or lessen the period of disability. No deposition testimony of medical experts was taken.
Since the record contains no testimony from an expert on whether vocational training or other vocational services directed toward assisting Plaintiff in returning to work would tend to either effect a cure, provide relief or lessen the period of Plaintiff's disability, the Full Commission is of the opinion that the record in this matter should be re-opened to receive additional evidence, including deposition and/or other witness testimony.
For good cause shown, it is hereby ORDERED that this case is remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner to *Page 3 
gather additional evidence, including deposition and/or other witness testimony, if deemed necessary. If additional hearing testimony is taken, the Deputy Commissioner shall order a transcript of the proceedings and forward deposition and hearing transcripts and to the Full Commission for review and decision. The Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
No costs are assessed at this time.
This the __ day of April 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1